IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LATONYA HARRIS                                                                      PLAINTIFF

vs.                                                                   No. 1:06CV156-D-A

DANIEL HEALTHCARE, INC.                                          DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

This Title VII sexual harassment action arises from the Plaintiff's short-term (one and one-half weeks) employment as a nurse's assistant with the Defendant. Subsequent to her termination, the Plaintiff filed this action alleging *quid pro quo* sexual harassment at the hands of a supervisor, James Holland. The Defendant has now filed a motion for summary judgment, seeking dismissal of the Plaintiff's claims.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific

facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C.  Discussion

The Plaintiff admitted the following during discovery:

1) That she was not certified as a nurse's assistant during her employment with the Defendant;

2) that she was terminated from her employment with the Defendant because she was not a certified nurse's assistant;

3) that the subject supervisor, James Holland, has never spoken to the Plaintiff;

4) that the subject supervisor, James Holland, did not sexually harass the Plaintiff; and

5) that the Plaintiff has never met the subject supervisor.

The United States Supreme Court has set forth the elements that a Plaintiff must establish in order to set forth a case of *quid pro quo* sexual harassment under Title VII:

a) the employee belongs to a protected group;

b) the employee was subjected to unwelcome sexual harassment;

- c) the harassment complained of was based on sex;

- d) the employee's reaction to the harassment complained of affected a tangible employment action; and

- e) the harasser was the employee's supervisor.

<u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 118 S.Ct. 2257, 114 L. Ed. 2d 633 (1998).

The foregoing admissions by the Plaintiff lead the court to hold that the Plaintiff cannot establish any of the required elements of a sexual harassment claim other than the first (member of a protected class). Thus, the court finds that the Plaintiff's sexual harassment claim fails as a matter of law, there are no genuine issues of material fact remaining and the Defendant is entitled to judgment as a matter of law. Thus, the Defendant's motion for summary judgment shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 27th day of February 2007.

/s/ Glen H. Davidson
Chief Judge